+

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS, | No. 2:24-cv-01004 DB P |
| Plaintiff, | |
| v. | <u>ORDER</u> AND |
| GAVIN NEWSOM, et al., | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendants. | |

Plaintiff Benjamin Robert Gallegos proceeds pro se and seeks to proceed in forma pauperis. This matter was referred to the undersigned by Local Rule 302. <u>See</u> 28 U.S.C. § 636(b)(1). Plaintiff's complaint (ECF No. 1) and motion requesting preliminary injunctive relief (ECF Nos. 3, 9, 10) are before the court. The complaint fails to state a claim, but plaintiff is granted leave to amend. Plaintiff's requests for preliminary injunctive relief should be denied.

**I.    In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) The request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The court will direct the appropriate

1

1  agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the

2  Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent

3  of the preceding month's income credited to plaintiff's prison trust account. These payments will

4  be forwarded by the appropriate agency to the Clerk of the Court each time the amount in

5  plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.    Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and mut order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the non-conclusory allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.    Background

### a.    Allegations in the Complaint

Plaintiff is in custody at California State Prison – Sacramento ("CSP-SAC"). (ECF No. 1 at 1.) Defendants are Governor Gavin Newsom, Jeff McComber, and the California Department

2

of Corrections and Rehabilitation ("CDCR"). (Id. at 2.)

Portions of plaintiff's complaint are difficult to understand, but the allegations therein are fairly summarized as follows. The people of California voted to keep the death penalty, but Governor Newsom is shutting it down which is a plan "to reintroduce such evil into the prison population/reinforce the ranks of the greatest evil collective tools on the yards." (ECF No. 1 at 4.) "The state has now disbanded long term and short term restrictive housing" and "destroyed the classification of those whom have signed chronos [and these who] have extreme safety concerns as a means to reintroduce them back into a [general] population where they shall be murdered." (Id.) Plaintiff alleges "I shall be murdered." (Id.) And further, "SB 280 was not passed" but through memos and administrative acts, changes are occurring that make conditions unsafe for all staff, inmates, and visitors. (Id.) "That means they can murder staff, murder inmates, murder visitors [and] not only will they [not] get the death penalty, they will be right back out on the yard..." (Id. at 5.) This creates a "hostage situation" for all. (Id.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 6.)

### b. Motions for Preliminary Injunctive Relief

In a filing entitled "Injunctive Relief Order," plaintiff states "I am in imminent danger as well as are staff [and] visitors within CDCR." (ECF No. 3 at 1.) Plaintiff asks the court "to order [CDCR] to... cease all actions closing down long term restrictive housing and short term restrictive housing[.]" (Id. at 1-2.) Plaintiff asks the court to keep him in a secure "protective custody unit" until the conclusion of this case. (Id. at 2.)

In further requests preliminary injunctive relief, plaintiff states "I need my housing secured[.]" (ECF No. 9.) Plaintiff claims his life is in peril due to living through the Dictates / "Memos" of the defendants. (ECF No. 10 at 1.)

### IV.     Discussion

#### a.    The Complaint Fails to State a Claim

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a

plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Initially, plaintiff cannot raise claims on behalf of other inmates, or staff or visitors. Plaintiff can only pursue claims personal to himself; in other words, he may only seek damages based on the violation of his own constitutional rights, not the rights of others.

Plaintiff alleges the defendants, through policy changes, memos, and other administrative actions, are removing the classifications between general population inmates, special needs inmates, and protective custody inmates, and thereby placing plaintiff in danger and violating his rights. However, the complaint does not contain adequate factual allegations to state a claim for a constitutional violation relating to plaintiff's safety.

"The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013) In a "failure-to-protect" claim under the Eighth Amendment, an inmate must show (1) the defendant's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted).

Plaintiff has not stated a cognizable claim under the Eighth Amendment. Plaintiff's conclusory allegations that defendants are creating unsafe conditions through changes to inmate classification, and plaintiff's fears of attacks by other inmates, are insufficient to allege a substantial risk of serious harm. "[S]peculative and generalized fears of harm at the hands of

1    other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future

2    health." Williams v. Wood, 223 Fed. Appx. at 671 (9th Cir. 2007) (citing Farmer, 511 U.S. at

3    843). Even if plaintiff's claims were sufficient to establish a substantial risk of harm, he has failed

4    to allege that any individual defendant knew anything about the alleged risk to his safety.

5    Accordingly, the factual allegations in the complaint are insufficient to raise a right to relief

6    above the speculative level. See Twombly, 550 U.S. at 555. The complaint will be dismissed with

7    leave to amend.

**b.   The Requests for Preliminary Injunctive Relief should be Denied**

9    In requests for preliminary injunctive relief (ECF Nos. 3, 9, 10), plaintiff claims he is in

10   danger because of the defendant's policy changes regarding inmate classification. However,

11   plaintiff fails to identify any specific threats to his safety and instead cites only a generalized fear

12   of other inmates and blanket statements that the defendants are knowingly implementing changes

13   that will make all inmates, staff, and visitors unsafe. (ECF No. 10 at 3, 9.)

14   Speculative injury does not constitute irreparable injury sufficient to warrant granting a

15   preliminary injunction. Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir.

16   1984); see also Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir.

17   1995) (noting that preliminary injunctive relief should be denied if the probability of success on

18   the merits is low). Moreover, since plaintiff has not stated a cognizable claim, plaintiff cannot

19   show a likelihood of success on the merits as required for preliminary injunctive relief to issue.

20   See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

21   Def. Council, 555 U.S. 7, 20 (2008)). The requests for preliminary injunctions should be denied.

**V.   Leave to Amend**

23   Plaintiff is granted an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d

24   1446, 1448-49 (9th Cir. 1987). If plaintiff opts to amend, it is not for the purposes of adding new

25   and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Instead, plaintiff should

26   focus on curing the deficiencies identified herein for the matters already presented. In the

27   alternative, plaintiff may file a notice of voluntary dismissal which will terminate the action by

28   operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i).

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior complaint. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## VI.   Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order;
3. Plaintiff's complaint is dismissed with leave to amend;
4. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
5. Within thirty (30) days from the date of service of this order, plaintiff must file one of the following:
    a. An amended complaint curing the deficiencies identified in this order;
    b. A notice of election to stand on the complaint as filed;
    c. A notice of voluntary dismissal;
6. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

////
////
////
////
///
////
////
////
////

6

In addition, IT IS HEREBY RECOMMENDED that plaintiff's requests for preliminary injunctive relief (ECF Nos. 3, 9, 10) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
gall1004.scrn.mpi