UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN ROBERT GALLEGOS,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.,<br><br>Defendants. | No. 2:24-cv-01004 KJM SCR P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>AMENDED FINDINGS AND RECOMMENDATIONS |

Plaintiff Benjamin Robert Gallegos, a state prisoner, proceeds pro se and seeks relief under 42 U.S.C. § 1983. By order filed June 26, 2024, the magistrate judge previously assigned to this case dismissed plaintiff's complaint and granted plaintiff thirty days leave to file an amended complaint. (ECF No. 11.) The time granted for this purpose expired without the filing of an amended complaint. Although plaintiff filed objections to the findings and recommendations to deny his requests for preliminary injunctive relief, plaintiff did not timely file an amended complaint or otherwise respond to the court's order to file an amended complaint within the time granted. Accordingly, on August 14, 2024, the undersigned recommended that this action be dismissed for failure to state a claim. (ECF No. 17.)

Plaintiff filed objections to the findings and recommendations to dismiss this action for failure to state a claim. (ECF No. 18.) Plaintiff also filed a first amended complaint and a motion for injunctive relief related to the filing fees for this case. (ECF Nos. 19, 20.) The undersigned has

1

1  now screened the first amended complaint. Finding the amended complaint fails to state a claim
2  and that further amendment would be futile, the undersigned vacates the findings and
3  recommendations filed on August 14, 2024, and issues these amended findings and
4  recommendations to dismiss this action with prejudice and without further leave to amend for
5  failure to state a claim.

### I. Screening Requirement

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis case, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the non-conclusory allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### II. The FAC Fails to State a Claim

Plaintiff is in custody at California State Prison – Sacramento ("CSP-SAC"). (ECF No. 19 at 1.) Defendants are Governor Gavin Newsom, Jeff McComber, and the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 2.)

2

Like the original complaint, the first amended complaint alleges the defendants are unlawfully "dictating policy changes" through memos regarding inmate classification and housing. (ECF No. 19 at 3-5.) Plaintiff alleges the defendants are deliberately placing plaintiff's life in danger through these policy changes by exposing plaintiff to dangerous inmates. (Id.) Plaintiff does not identify exactly what policies he challenges, but claims that they are "based on Norway" (id. at 3), an apparent reference to CDCR's plans to modify some of its prison operations and structures based on a Norwegian model.[1] Plaintiff also makes allegations about the racial makeup of the prison population, though does not explain how that makeup implicates the policies he is challenging. (Id.) Plaintiff claims that the changes will "force me to a yard where I have documented safety concerns," but does not identify that yard or the nature of the safety concerns. (Id. at 4.)

Plaintiff alleges violations of the Eighth Amendment ("threat to safety") and Fourteenth Amendment ("deliberate indifference" and "failure performance [sic] legally required duty/due process").[2] (Id. at 3-4.) Plaintiff seeks monetary damages and injunctive relief. (Id. at 5.)

Like the original complaint, the first amended complaint does not contain adequate factual allegations to state a claim for a constitutional violation relating to plaintiff's safety. "The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." Labatad v. Corr. Corp. of Am., 714 F.3d 1155, 1160 (9th Cir. 2013) In a "failure-to-protect" claim under the Eighth Amendment, an inmate must show (1) the defendant's act or omission was objectively, sufficiently serious, and (2) the official was deliberately indifferent to inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). The failure to protect inmates from attacks by other inmates violates the Eighth Amendment where prison officials know of and disregard a substantial risk of serious harm to the

---

[1] See CDCR, *California Model will transform corrections* (April 7, 2023), available at https://www.cdcr.ca.gov/insidecdcr/2023/04/07/the-california-model-will-transform-corrections/.

[2] Plaintiff alleged violations of the same constitutional amendments in the original complaint, though his Fourteenth Amendment claim in the original complaint was based on "basic necessities."

plaintiff. See Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040. A prison official need not "believe to a moral certainty" that an inmate is at risk of harm "before [he] is obligated to take steps to prevent such an assault," but "he must have more than a mere suspicion that an attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted).

Plaintiff has not stated a cognizable claim under the Eighth Amendment. Plaintiff's conclusory allegations that defendants are creating unsafe conditions through policy changes and plaintiff's general fears of attacks by other inmates are insufficient to allege a substantial risk of serious harm. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to [an inmate's] future health." Williams v. Wood, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (citing Farmer, 511 U.S. at 843). The first amended complaint also fails to plausibly allege that any individual defendant knew or should have known about the alleged risk to plaintiff's safety. See Filer v. Hagar, No. 1:12-cv-00980-GSA-PC, 2015 WL 5786361, at *4 (E.D. Cal. Sep. 30, 2015) ("Plaintiff must allege facts indicating that each of the named Defendants knew of a specific danger to Plaintiff, and acted with deliberate indifference to that danger."). Thus, the allegations in the FAC do not raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. The first amended complaint should be dismissed for failure to state a claim.

Plaintiff has also not stated a cognizable claim under the Fourteenth Amendment. As a convicted prisoner, Plaintiff cannot proceed on a deliberate indifference theory under the Due Process Clause of that amendment. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause."). Any duty the defendants owe Plaintiff with regard to his safety must be evaluated under the Eighth Amendment. As discussed above, Plaintiff fails to state a claim under the Eighth Amendment.

"Unless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Here, plaintiff was given

4

such notice and had an opportunity to amend. Plaintiff's first amended complaint has not remedied the defects identified in the original complaint and it is now clear that further leave to amend would be futile. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988) ("Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (noting the court does not have to allow futile amendments). That is because Plaintiff's first amended complaint makes clear that he does not complain about any particular, identifiable threat, but rather about policy changes that he believes will endanger him generally.

In its earlier order dismissing the original complaint with leave to amend, the Court explained, "Plaintiff's conclusory allegations that defendants are creating unsafe conditions through changes to inmate classification, and plaintiff's fears of attacks by other inmates, are insufficient to allege a substantial risk of serious harm." (ECF No. 11 at 4.) Plaintiff's first amended complaint does not cure these problems of generalized and speculative harm. In the first amended complaint, plaintiff alleges the danger in terms of interaction with dangerous inmates (including people on "death row"), mixing of racial groups, and placement on a yard where he has documented safety concerns. But he still does not allege facts showing that those circumstances create a substantial risk of serious harm. The first amended complaint should be dismissed with prejudice and without further leave to amend.

### III.    Motion for Injunctive Relief

Plaintiff's motion for injunctive relief (ECF No. 11) appears to request reconsideration of the court's order that plaintiff pay the statutory filing fee of $350.00 for this action. Plaintiff argues he requested waiver of the fee, which should have been granted.

The court may authorize the commencement of an action such as this one "without prepayment of fees or security therefor" by an individual who submits an affidavit evidencing an inability to pay such fees. 28 U.S.C. § 1915(a). Even where leave to proceed in forma pauperis is granted, however, an incarcerated plaintiff must still pay the $350.00 filing fee which may be paid in installments. See 28 U.S.C.A. § 1915(b)(1) ("if a prisoner brings a civil action or files an

appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee"). The fee is paid through an initial partial payment and subsequent monthly payments. (See id., subd. (b)(2).) Plaintiff authorized the collection of this fee when he signed his application to proceed in forma pauperis which gave him notice of the requirement that he pay the filing fee. (See ECF No. 2 at 2.) Plaintiff's motion for injunctive relief requesting reconsideration of the order to pay the filing fee should be denied.

### IV. Order and Recommendation

In accordance with the above, IT IS HEREBY ORDERED that the findings and recommendations filed on August 14, 2024 (ECF No. 17) are VACATED.

As amended findings and recommendations, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for injunctive relief requesting reconsideration of the court's order that plaintiff pay the filing fee (ECF No. 20) be denied.
2. Plaintiff's first amended complaint (ECF No. 19) be dismissed with prejudice and without further leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE